[Cite as *Constance v. Constance*, 2022-Ohio-3983.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOHN D. CONSTANCE | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2021 CA 0012 |
| LYDIA L. CONSTANCE | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2006 DR 00238 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | November 7, 2022 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| JOHN D. CONSTANCE<br>PRO SE<br>332 Chapman Way<br>Lexington, Ohio 44904 | BRENT L. ENGLISH<br>LAW OFFICES OF BRENT L. ENGLISH<br>820 West Superior Avnue, 9th Floor<br>Cleveland, Ohio 44113-1818 |

*Wise, J.*

**{¶1}** Defendant-Appellant Lydia L. Constance appeals the August 27, 2021, decision of the Morrow County Court of Common Pleas wherein the court modified the property division set forth in the Agreed Judgment Entry and awarded conditional damages for failure to comply within sixty days.

**{¶2}** Plaintiff-Appellee John D. Constance did not file a brief or otherwise appear in this appeal.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** Plaintiff-Appellee John D. Constance ("Husband") and Defendant–Appellant Lydia L. Constance ("Wife") entered into an antenuptial agreement on June 19, 1996. Relevant to this appeal, the antenuptial agreement stated in pertinent part:

(3) All assets and property held by the parties at the time of the marriage shall continue to be separately held. All gifts, bequests, or devises to either party individually during the course of the marriage shall also be separately held by such party, subject to the control and management of such party as if no marriage had been entered into.

Separate property shall include any increase in value during the marriage (from whatever source derived) to property held by each party prior to the marriage and gifts, bequests, and devises received by either party individually during the marriage.

* * *

(5) The parties have made full disclosure to each other of all properties and assets (including expectancies) presently owned by each of them and of the income derived therefrom and from all other sources and agree that each party shall have sole management, control, and disposition of the property so owned as described in Exhibits A and B which are thereby made a part of this contract.

**{¶5}** Exhibit A of the antenuptial agreement listed Wife's premarital assets. Wife stated she had $5,000.00 interest in real estate located at 9296 Troy Township Road, Lexington, Ohio. Wife also listed her retirement fund through the State Employees Retirement System valued as $11,558.00 as of June, 1996.

**{¶6}** Exhibit B of the antenuptial agreement listed Husband's premarital assets. He stated he had $39,000.00 interest in 9296 Troy Township Road, Lexington, Ohio.

**{¶7}** Husband and Wife were married on June 22, 1996. Two children were born as issue of the marriage: J.C.C., born October 18, 1998 and E.L.C., born May 30, 2000.

**{¶8}** Husband and Wife separated on February 7, 2006.

**{¶9}** On June 12, 2006, Husband filed a Complaint for Divorce. In the Complaint, Husband requested "the Court grant the enforcement of the parties' Pre-nuptial Agreement dated June 19, 1996."

**{¶10}** On August 10, 2006, Wife filed an Answer and Counterclaim. In paragraph 5 of Wife's affirmative defenses, she stated the alleged antenuptial agreement was not enforceable.

**{¶11}** The case came on for a final hearing in June, 2010. After trial, the parties filed proposed findings of fact and conclusions of law. Wife submitted a child support calculation worksheet as part of Wife's proposed findings of fact and conclusions of law.

**{¶12}** On October 20, 2010, the trial court issued a Judgment Entry with findings of fact and conclusions of law. Husband was ordered to prepare a final judgment and decree of divorce.

**{¶13}** On July 28, 2014, the trial court issued the Final Judgment and Decree of Divorce, which stated:

> The Court finds the antenuptial agreement to be valid.
>
> \*\*\*
>
> Since the Court found the antenuptial agreement valid, it will control the distribution of the personal property listed. All other items of personal property, unless otherwise agreed, shall be divided by each party choosing an item alternately after a coin flip to designate who picks first. This shall be done within 30 days of the Final Judgment Decree of Divorce.
>
> The Court would hope the parties would be able to divide said property without a coin flip.

**{¶14}** (Final Judgment Decree of Divorce at 15,18).

**{¶15}** Wife appealed that Judgment Entry, raising thirteen (13) assignments of error. By Opinion and Entry dated August 11, 2015, this Court affirmed the decision of the trial court in part and overruled it in part.

**{¶16}** On June 20, 2018, Husband filed a Motion to Show Cause contempt motion

\*\*\*

{¶17} On October 8, 2018, Wife filed a Memorandum in Opposition to Husband's motion to show cause arguing she could not be held in contempt because the trial court had not conducted any proceedings or issued any orders on remand for more than three (3) years.

{¶18} By Journal Entry filed January 17, 2019, the trial court, in accordance with this Court's remand, modified the Decree of Divorce with regard to Wife's retirement fund, the 2005 income tax refund, the timber sale proceeds and four motor vehicles.

{¶19} A hearing was then scheduled for March 14, 2019, to address matters left unresolved following remand and the allegations raised in the Motion to Show Cause. After a continuance, a hearing on the Motion to Show Cause was held on May 2, 2019. With regard to the personal property which Husband claimed he was to receive, the trial court referred the matter to mediation.

{¶20} The trial court then continued the hearing on the contempt motion and set a hearing for August 14, 2019, to address the allegations raised in the Motion to Show Cause, as well as any other issues which remained unresolved.

{¶21} On June 17, 2019, a mediation hearing was held wherein the parties reached the following agreement:

> The parties **agreed** plaintiff will be awarded the following personal property <u>if defendant has the property in her possession</u>:
>
> Framed pictures (collage, journeyman's certificate and skiing) Carved-4 post waterbed frame and mattress/heater, 3 machinist tool boxes with all tools (micrometers, calipers, asealess [sic]), camping equipment, trophies (motorcycle mx), record albums and tapes that belong to plaintiff,

10 foot satellite dish and receiver (plaintiff and defendant could not agree on how to exchange dish), parts washer, roll around tool box, 8 mm & VCR tapes of plaintiffs, Sears battery charger, 2 shop vacs, brass table lamp, boy scout pocket knife & several other pocket knives, bowie knife, collection of cassette tapes and albums of plaintiff, welding helmet and gloves, forstener [sic] drill bits, zliss [sic] vise, and planes, Stereo and speakers (not sure Sony), 2 TV (not sure GE and RCA), 2 VCRs, camcorder (not sure Sony) TV and stereo cabinets, 2 end tables, coffee table, 2 antique clocks, dining room table and chairs, oak bed and dresser, all woodworking tools and equipment, chain saws and power saws, trimmers, 1977 Ford F-150 Pick-up Truck, 1983 Ford Van, compressor, red filing cabinet, skiing equipment, charcoal grill, 35 mm cameras with bags, 1 antique dresser, Lydia agreed to copy some of the pictures and videotapes this winter and have sent to plaintiff, some Christmas decorations, some cookware, 2 computers, printer and accessories of computer, some blankets and linens, telephone, tape recorder, answering matching [sic], any clothing of plaintiffs, motorcycle accessories, vehicle titles and other important papers, guitars, amps and related equipment.

The parties agreed defendant would return certain property that was listed belonging to plaintiff's father and mother. (emphasis in original).

**{¶22}** (Report of Mediation, June 17, 2019).

**{¶23}** On August 14, 2019, the parties, with the assistance of counsel, resolved all issues involving personal property. Said agreement was placed on the record via

Journal Entry, filed August 15, 2019, and stated "[t]he parties set forth on the record an agreement settling all remaining disputed matters." The court ordered a detailed Journal Entry be prepared by counsel and presented to the court within 30 days.  Plaintiff's motion for contempt was withdrawn.

{¶24}  By Journal Entry filed November 21, 2019, the trial court, noting counsel's failure to present the court with a detailed Journal Entry, ordered same to be done within 30 days. Failure to comply would result in a show cause hearing to be held on January 8, 2020.

{¶25} On December 2, 2019, counsel for Husband filed a motion for status conference with regard to Wife's failure to provide the Agreed Judgment Entry outlining the agreement reached by the parties at the August 14, 2019, mediation hearing.

{¶26}  An Agreed Judgment Entry, signed by counsel for both parties, was filed on January 9, 2020. The Agreed Entry stated:

1. The items listed on page one of the mediation report prepared by mediator Kathy Nicolosi dated June 17, 2019, except the 1977 Ford pickup and the 1983 Ford van shall be provided to Defendant if they are in her possession through the mechanism set forth in ¶4, below.

*  *  *

4. Defendant shall rent a storage unit for 30 days at Value Storage in Lexington, Ohio and move all of the items listed in ¶1 (except the 1977 Ford pickup and the 1983 Ford van) to that facility within 30 days of this judgment entry. Upon these items being moved to the storage unit, Defendant, through her counsel, shall timely inform Plaintiff, through his

counsel, that the items are in the storage unit and provide Plaintiff with access to the storage unit. Plaintiff shall, at his sole cost and expense, remove the items from Defendant's storage facility within the same 30-day period.

**{¶27}** There is no dispute that Wife delivered items listed on page 1 of the Mediation Report to the storage facility in April, 2020, for Husband to pick up. However, Husband claims certain items were not delivered.

**{¶28}** A number of motions were filed in 2020, including a motion for contempt and a motion to compel with regard to Husband's failure to cooperate with refinancing the marital residence.

**{¶29}** On November 17, 2020, Husband filed a *pro se* "Motion to force Lydia L. Constance to return all personal property belonging to the plaintiff John D. Constance".

**{¶30}** The trial court scheduled a hearing for June 1, 2021, on all pending motions. Neither Wife nor counsel for Wife appeared for said hearing.[1] The trial court then rescheduled the hearing to June 14, 2021.

**{¶31}** On June 14, 2021, the trial court held a hearing on all pending motions.

**{¶32}** At said hearing, Husband detailed personal property that he claimed he was entitled to and that had not been returned to him.

**{¶33}** By Judgment Entry filed June 15, 2021, the trial court dealt with the pending real estate issues.

---

[1] Counsel for Wife had filed a motion to continue the hearing but said continuance had not been granted by the trial court.

{¶34} By Judgment Entry filed August 27, 2021, the trial court addressed the issues concerning personal property. In said entry, the trial court ordered the return of those items Husband was claiming and stated that the failure to return said items within 60 days would result in Wife being held in contempt. The trial court also ordered a "coin toss" to determine ownership of a wood stove and a rocking chair.

{¶35} Wife now appeals from this decision.

{¶36} Husband in this appeal has not filed a responsive appellate brief. Pursuant to App.R. 18(C), "[i]f an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶37} Wife raises the following errors for review:

## ASSIGNMENTS OF ERROR

{¶38} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IMPERMISSIBLY MODIFYING THE PROPERTY DIVISION SET FORTH IN THE FINAL DECREE OF DIVORCE AS MODIFIED BY THE JANUARY 9, 2020 AGREED JUDGMENT ENTRY.

{¶39} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY CONDITIONALLY AWARDING DAMAGES TO APPELLEE IF APPELLANT DID NOT RETURN CERTAIN ITEMS OF PERSONAL PROPERTY TO HIM WITHIN 60 DAYS OF THE JUDGMENT ENTRY.

**{¶40}** "III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW."

**I.**

**{¶41}** In her first assignment of error, Appellant argues that the trial court erred in modifying the property division in this matter. We agree.

**{¶42}** As set forth above, the Final Judgment Divorce Decree in this matter provided that the division of personal property was controlled by the antenuptial agreement. Any personal property acquired during the marriage was to be divided by a coin toss if the parties did not otherwise agree. Such division of property never took place but on August 14, 2019, the parties reached an agreement which was journalized by the court on January 9, 2020. This January 9, 2020, Agreed Judgment Entry stated that the items listed on page one of the mediation report … "shall be provided to Defendant if they are in her possession."

**{¶43}** The Agreed Judgment Entry incorporated by reference the first page of the mediation report. This report also stated that it was the agreement of the parties that Husband would receive the personal property listed therein "if defendant [Wife] has the property in her possession."

**{¶44}** The trial court, in its August 27, 2021, Judgment Entry, ordered Wife to deliver certain personal property listed in the Agreed Judgment Entry and/or Mediation Report or pay Husband certain amounts if she did not do so within 60 days. In addition, the trial court also ordered ownership of certain personal property (rocking chair and wood stove) not previously included in either the Mediation Report or the Agreed Judgment Entry to be determined by a coin toss. Additionally, the trial court ordered Wife to return

other personal property (automobile/motorcycle repair manuals; cordless Sawzall and battery) which was not listed in the Mediation Report of the Agreed Judgment Entry.

**{¶45}** "The existence of the trial court's subject-matter jurisdiction is a question of law that we review de novo." *Yazdani-Isfehani v. Yazdani-Isfehani*, 170 Ohio App.3d 1, 2006-Ohio-7105, 865 N.E.2d 924, ¶ 20 (4th Dist.).

**{¶46}** R.C. §3105.171(B) states:

In divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. * * * [U]pon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property * * * in which one or both spouses have an interest.

**{¶47}** R.C. §3105.171(I), provides:

A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses. [2]

**{¶48}** However, "[t]he trial court retains 'full power' to enforce the divorce decree's provisions. If the parties dispute the meaning of a provision in a decree or if the provision is ambiguous, the trial court has the power to hear the matter, to resolve the dispute, and

---

[2] Before being amended in 2010, R.C. §3105.171(I) provided that "[a] division or disbursement of property or a distributive award made under this section is not subject to future modification by the court." The 2010 amendments added the following language: "except upon the express written consent or agreement to the modification by both spouses." *See* Am. Sub. H.B. 238, Section 1, 2010 Ohio Laws 37.

to enforce the decree." *Freeman v. Freeman*, 4th Dist. Lawrence No. 16CA14, 2016-Ohio-7565, ¶ 9, citing *Evans v. Evans*, 4th Dist. Scioto No. 02CA2869, 2003-Ohio-4674, ¶ 8-10. " 'In essence, a court may construe an ambiguous decree, but it must enforce an unambiguous one as it is written.' " *Id.*, quoting *Pierron v. Pierron*, 4th Dist. Scioto Nos. 07CA3153 and 07CA3159, 2008-Ohio-1286, ¶ 7; *Pack v. Pack*, 4th Dist. Lawrence No. 20CA4, 2021-Ohio-2233, ¶¶ 13-14.

**{¶49}** " '[T]he initial determination of whether an ambiguity exists presents an abstract legal question, which we review on a de novo basis.' " *Pierron* at ¶ 8.

**{¶50}** Upon review, we find that no argument as to ambiguity has been raised by either party, nor do we find any ambiguity in the terms contained in the Mediation Report or the Agreed Judgment Entry.

**{¶51}** Here, we find that the August 27, 2021, Judgment Entry is best understood as a modification to a property division. The provisions of the Ante-Nuptial Agreement and Final Decree of Divorce provided for the division of the marital personal property. Later, pursuant to the Mediation Report and the Agreed Judgment Entry, the parties agreed to certain modifications to the division of said property. Both the Mediation Report and the Agreed Judgment Entry provided that Husband was to receive the listed items only if Wife had the property in her possession. By ordering Wife to return property not listed in either the Mediation Report or the Agreed Judgment Entry, or return property she testified was no longer in her possession or be held in contempt of court, the trial court modified the terms of the Agreed Judgment Entry with respect to the division of personal property. The parties did not both consent to that modification to the property division, so by the plain language of R.C. §3105.171(I), the court had no authority to order the change.

(See *Walsh v. Walsh*, 157 Ohio St.3d 322, 2019-Ohio-3723, 136 N.E.3d 460).

{¶52} Appellant's first assignment of error is sustained.

**II., III.**

{¶53} In her second assignment of error, Appellant argues that the trial court erred in conditionally awarding damages to Appellee if certain items were not returned within 60 days. In her third assignment of error, Appellant argues that the trial court erred in not issuing findings of fact and conclusions of law.

{¶54} Based on our disposition of Appellant's first assignment of error, we find these assignments of error to be moot.

{¶55} Accordingly, the judgment of the Morrow County Court of Common Pleas, Domestic Relations Division, is reversed and remanded for further proceedings in accordance with the law and this opinion.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/kw  1101